## BEHLEN SONS CO. v. RICKETTS.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3091. Decided March 12, 1928.

### First Publication of This Opinion.

Syllabus by Editorial Staff.

**297. CONTRACTS.**
A contract purporting to originate with one party, but actually drawn by another is to be construed most strongly against the latter.

Error to Common Pleas.
Judgment reversed.

Samuel Rotter, Cincinnati, for Behlen Sons Co.
Miller & Elston, Cincinnati, for Ricketts.

### STATEMENT OF FACTS.

Ricketts sued the Behlen Co. in the Court of Common Pleas for $2,390.07 and interest from July 31, 1923, alleged to be due him on a contract.

The contract was evidenced by a written offer and acceptance reading as follows:
"Mr. E. A. Ricketts,
Cincinnati,
Ohio.
Dear Sir:
We hereby confirm our conversation of the 9th in connection with the position as Sales Manager of our Gasoline Car Department.

We hereby offer you the position as Sales Manager of our Gasoline Car Department for a trial period of six months beginning February 1, 1923, your salary to be $50.00 a week and 33⅓% of the profits accruing from the sale of gasoline cars and gasoline car accessories. At the expiration of six months, salary is to be adjusted on the basis of the showing made for the preceding six months.

In figuring the percentage of profit accruing to you, same is to be figured on the basis of gross sales of gasoline cars and gasoline car accessories, as no overhead such as rent, light, heat, storage, repairs or service is to be taken into account as these items are now being taken care of by our Electric Car Department.

Your acceptance of this letter to constitute a contract between us.
THE CHAS. BEHLEN SONS CO.,
JOHN W. HILL, Sec'y.
Date, Jan. 11, 1923.
Accepted: E. A. Ricketts."

The petition averred that Ricketts had performed his part of the contract for the six months beginning February 1, 1923; that he had received no part of the stipulated compensation except the fixed weekly salary of $50.00; that the profits of the gasoline car department had been $7,170.20; and that his third of said profits was $2,390.07.

The company answered, claiming that the profits of the gasoline car department were only $673.77, of which plaintiff's share was only $234.59; against which the company set up a counter-claim of $75.00 by way of damages for the plaintiff's misrepresentation of a car to a customer—leaving an admitted indebtedness of $149.59 and no more.

The reply denied the facts set forth in the counter-claim, and reaffirmed the allegations of the petition.

The two questions at issue were: the validity of the counter-claim, and the amount which Ricketts was entitled to receive as his share of the "profits accruing from the sale of gasoline cars and gasoline car accessories" during the period of his employment.
MILLS, J.

On the issue of misrepresentation of a car to a customer the company failed to produce any evidence; and the court properly charged the jury to disregard the counter-claim. Lewistown Foundry & M. Co. v. Hartford Stone Co., 92 Ohio St. 76.

On the remaining issue the evidence covered the period extending to August 13; and it seems to be conceded that the actual employment of Ricketts continued at least until August 10. No objection has been interposed on the ground of any variance in this regard.

The record shows that the gasoline car department sold new and used cars at a total sale price that was $7,906.13 in excess of the total first cost of the cars that were sold; and that the only items of expense charged against that department on the books of the Company were: freight, advertising, gasoline, and salesmen's commissions aggregating $2,555.53, and salary paid to Ricketts $1,275. The foregoing figures would indicate a net profit of $4,075.60, of which Ricketts should have received $1,355.20; but the jury, on December 6, 1926, returned a verdict for $2,601.36, which was equivalent to $2,170.07

and interest thereon from August 13, 1923, to the date of the verdict.

After the Company had moved for a new trial, Ricketts consented to a remittitur of $478.16; and the trial court, on February 23, 1927, entered a judgment in favor of Ricketts for $2,123.20, which was equivalent to $1,752.54 and interest thereon from August 13, 1923, to the date of the judgment.

The Company claims that the judgment is excessive and is contrary to the law and the evidence; that the trial court erred in its charge to the jury; and that certain evidence in behalf of the company was improperly excluded.

The trial court left the construction of this contract to the jury, with the instruction that they were to determine whether Ricketts was to receive "one-third of the gross profits or one-third of the net profits" on the sales of gasoline cars and gasoline car accessories. See: R. C. L., "Contracts," Section 249.

The validity of this contract was not in dispute. Its construction depended upon the language used, and upon undisputed facts. Under the rule in Ohio its construction was for the court. Page on Evidence, section 2062; Dayton v. Hooglund, 39 Ohio St. 671; Monnett v. Monnett, 46 Ohio St. 30; Mosier, et al v. Parry, 60 Ohio St. 388; Huntington, etc. Co. v. Lake Erie Lumber & Supply Co., 109 Ohio St. 488; Miller v. Blockberger, et al., 111 Ohio St. 798.

It is in evidence that the contract, though purporting to originate with the Company, was actually drawn by Ricketts. It should, therefore, be construed most strongly against him.

It seems plain to us that the parties contracted with the understanding that the system of accounting that had previously been followed should continue to be in force, in so far as it affected the relations between the gasoline car department and the electric car department.

We conclude therefore that the phrase "such as" should be here construed to mean "similar to"; and that the gasoline car department should be charged with those items of expense which were for its exclusive benefit, and those only.

The gasoline car department, as we have construed this contract, was not only a favored department, but in a sense a separate entity. It will be presumed that the company would not regard that separate entity as a source of profit until all the expenses directly and exclusively attributable to its operation had been paid out of the receipts from its operation.

We will presume that the company intended to encourage Ricketts to keep down the operating expenses of the gasoline car department, and that the company intended, and Ricketts a man of business expected, that such expenses would be deducted from the gross profits before Ricketts could share in the profits of the gasoline car department.

Taking all the foregoing considerations into account, we are of the opinion that, by the terms of this contract, Ricketts, though receiving $50.00 a week in any case, was not to receive any share of the profits from the sale of gasoline cars until after the payment, by the gasoline car department, of his own salary, the commissions for the sale of gasoline cars, the freight on the gasoline cars that were sold, and the advertising and gasoline required for the gasoline car department.

The judgment was, in our opinion, excessive, and we hold that the trial court erred in leaving to the jury the construction of the contract; but the errors will be cured by the judgment that will be entered here. Section 12,272, Ohio General Code.

In accordance with the above conclusions, and coming now to do that which the trial court should have done, we order that judgment against The Charles Behlen Sons Company be entered in this court in favor of Ricketts for the sum of $1,355.20, and interest thereon from August 13, 1923.

(Hamilton, PJ., and Cushing, J., concur.)